UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAHSAAN AVANT,

    Plaintiff,

v.                                        Case No. 3:21cv2520-MCR-HTC

ESCAMBIA COUNTY SHERIFF OFFICE,
 OFFICER LUKE M. MCCRACKEN,
 and CIERRA BURNS,

    Defendants.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff Rahsaan Avant, a pre-trial detainee currently incarcerated at the Escambia County Jail, has filed a second motion to proceed *in forma pauperis*, ECF Doc. 7, and an amended complaint seeking to assert claims under 42 U.S.C. § 1983, ECF Doc. 6. The crux of Plaintiff's allegations arise out of charges subject to two pending state court criminal matters: *State of Florida v. Avant*, 2021CF1226A (Escambia County) and *State of Florida v. Avant*, 2021TR4237IUTC (Escambia County), which are both listed as "OPEN."[1] ECF Doc. 6. The matter was referred

---

[1] See https://public.escambiaclerk.com/BMWebLatest//CourtCase.aspx/CaseSearch. Because Plaintiff's allegations impact those pending state court matters, even if Plaintiff's amended complaint were not subject to dismissal for failure to disclose, it would nonetheless be subject to dismissal under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971).

to the undersigned magistrate judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).

Upon consideration, Plaintiff's motion to proceed *in forma pauperis* is DENIED as it continues to be incomplete and appears to contain false representations to the Court. Additionally, for the reasons that follow, the undersigned respectfully recommends this case be DISMISSED without prejudice as malicious for abuse of the judicial process based on Plaintiff's failure to truthfully disclose his litigation history.

### I.   PLAINTIFF'S SECOND MOTION TO PROCEED *IN FORMA PAUPERIS*

On November 16, 2021, the Court denied Plaintiff's first motion to proceed *in forma pauperis* because it did not contain the necessary documentation for determining Plaintiff's indigent status. ECF Doc. 4. Plaintiff was advised that a complete motion includes a printout of the transactions in his inmate trust account for the *six (6) months* preceding the filing of the complaint. *Id.*

In the current motion, Plaintiff attaches a four (4) month statement and asserts that he has not been incarcerated for at least six (6) months. ECF Doc. 7. Plaintiff's representation, however, is untruthful. According to the Escambia County Jail's website, and as Plaintiff acknowledges in his amended complaint, Plaintiff was

booked on new charges on March 16, 2021.[2] Plaintiff, thus, has been incarcerated *for over* 6 months despite his allegations to the contrary.

The Court will not tolerate false responses or statements in any pleading or motion filed before it. *See Willis v. Tompkins*, No. CV608-030, 2008 WL 1986220, at *1 (S.D. Ga. May 6, 2008) (dismissing plaintiff's case for false responses and holding that "While a prisoner's *pro se* pleading is entitled to liberal construction, that doctrine presupposes that the prisoner was honest and forthright with the Court. Providing false responses to the Court is sanctionable conduct and undermines the administration of justice."). Thus, Plaintiff's second motion to proceed *in forma pauperis* is DENIED for Plaintiff's lack of candor, failure to follow Court orders, and failure to provide the Court with the necessary documentation to determine his indigency status.

As discussed below, however, this representation is not the only false representation Plaintiff has made to this Court. Plaintiff also failed to truthfully disclose his litigation history.

## II. PLAINTIFF'S FAILURE TO DISCLOSE HIS LITIGATION HISTORY

Because Plaintiff is a prisoner seeking relief against governmental employees, the Court is required to review his complaint, identify cognizable claims, and dismiss

---

[2] See https://inmatelookup.myescambia.com/smartwebclient/jail.aspx.

Case No. 3:21cv2520-MCR-HTC

the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

On December 22, 2021, the clerk docketed Plaintiff's first amended complaint, which was on this Court's official civil rights form for prisoners. ECF Doc. 6. On page fourteen of the amended complaint, Plaintiff signed his name after the following statement, "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." *Id.* at 14. Plaintiff also certified that his amended complaint complied with the requirements of Federal Rule of Civil Procedure 11. *Id.* at 15. Despite those declarations, Plaintiff made false representations in the amended complaint by failing to disclose a case he previously filed in June of 2021, which this Court dismissed as a strike.

In Plaintiff's amended complaint form, he was asked whether he "had any case dismissed for a reason listed in §1915(g) which counts as a strike", Plaintiff checked "No". ECF Doc. 6 at 11. Plaintiff also checked "No" when asked whether he has ever "filed any other lawsuit in federal court either challenging [his] conviction or otherwise relating to the conditions of [his] confinement." *Id.* at 12. Those representations are false.

On or about June 25, 2021, Plaintiff filed an action, *Avant v. Stefani, et al.*, 3:21cv871-LC-HTC (N.D. Fla. 2021), claiming that Defendants improperly charged

him with bringing contraband in prison and claiming his pretrial detention in the Jail constituted slavery, a hate crime and obstruction. *See* ECF Doc. 1, 3:21cv871-LC-HTC. On August 2, 2021, the undersigned issued a report and recommendation, recommending the action be dismissed for failure to state a claim – namely, that Plaintiff's allegations were barred by the *Younger* abstention doctrine, *supra*., and the defendant prosecutor was immune from liability. *See id.* at ECF Doc. 7. Senior District Judge Collier adopted the report and recommendation and dismissed the action with prejudice. *See id.* at ECF Doc. 8.

The plaintiff in that case, bears the same name, Rahsaan Avant[3], and the same Escambia County Jail number 0302462737. Also, the signature of the plaintiff in that case and this case are identical. There can be no doubt that the above case was filed by Plaintiff and should have been disclosed. Thus, Plaintiff clearly knew at the time he signed his complaint that his allegations were not truthful.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with

---

[3] Although the docket lists Plaintiff's name as Rahasaan Avant, it appears this was a clerical error as Plaintiff lists his name on the complaint form as Rahsaan Avant.

Case No. 3:21cv2520-MCR-HTC

true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. Jul. 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case).  As one District Judge in this district has stated, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information.  If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." ECF Doc. 52, *Rodriguez v. Inch*, 4:19cv191-RH-HTC.

      Accordingly, it is ORDERED that:

      1.    Plaintiff's second motion to proceed *in forma pauperis* (ECF Doc. 7) is DENIED.

      Additionally, it is respectfully RECOMMENDED that:

      1.    This case be DISMISSED WITHOUT PREJUDICE as malicious and an abuse of the judicial process.

      2.    The clerk be directed to close the file on this matter.

Done in Pensacola, Florida this 3rd day of January, 2022.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 3:21cv2520-MCR-HTC